UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Andrew A. Abrahams,

                            Plaintiff,

               -against-

The City of New York; Joseph Imperatrice, in his individual capacity; Amjad Khan, in his individual capacity; David Bowman, in his individual capacity; Jonathan Leon, in his individual capacity; Winston Willabus, in his individual capactiy,

                           Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, JOSEPH IMPERATRICE, AMJAD KHAN, DAVID BOWMAN, JONATHAN LEON AND WINSTON WILLABUS**

12-CV-2911 (ARR)(VVP)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants, the City of New York, Joseph Imperatrice, Amjad Khan, David Bowman, Jonathan Leon, Winston Willabus, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint (the "complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the complaint sets forth a demand for a jury trial and therefore, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the defendant City and its Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York employed Joseph Imperatrice, Amjad Khan, David Bowman, Jonathan Leon and Winston Willabus as police officers on July 7, 2011, and state that the allegation that Joseph Imperatrice, Amjad Khan, David Bowman, Jonathan Leon and Winston Willabus were "acting in the capacity of agent, servant, and employee of the City" is a conclusion of law and not an averment of fact, and therefore, no response is required.

10. Admit the allegation set forth in paragraph "10" of the complaint.

11. Admit the allegation set forth in paragraph "11" of the complaint.

12. Admit the allegation set forth in paragraph "12" of the complaint.

13. Admit the allegation set forth in paragraph "13" of the complaint.

14. Admit the allegation set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, and state that the allegations that the individual defendants "were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City

and other performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties." and that, "The individual defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York" are conclusions of law and not an averments of fact, and therefore, no response is required.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff purports to sue the individual defendants in their individual capacities.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that an incident took place on July 7, 2011, at approximately 11:45 a.m.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that the plaintiff was handcuffed and arrested on July 7, 2011.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

- 5 -

    36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

    37.    Deny the allegations set forth in paragraph "37" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the passers-by and plaintiff's actions.

    38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

    39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

    40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

    41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

    42.    Deny the allegations set forth in paragraph "42" of the complaint.

    43.    Deny the allegations set forth in paragraph "43" of the complaint.

    44.    Deny the allegations set forth in paragraph "44" of the complaint.

    45.    Deny the allegations set forth in paragraph "45" of the complaint.

    46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

    47.    Deny the allegations set forth in paragraph "47" of the complaint.

    48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

    49.    Admit the allegations set forth in paragraph "49" of the complaint.

- 6 -

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint, except admit that plaintiff was issued two summonses for excess window tint.

52. Admit the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, and respectfully refer the Court to the New York City Police Department Patrol Guide referenced therein for its contents.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that a document purporting to be a Notice of Claim was filed with the City of New York on or about September 29, 2011.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that no payment has been made.

57. Deny the allegations set forth in paragraph "57" of the complaint, except admit that the complaint was filed on the date reflected in the Court's docket.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege their response set forth in the preceding paragraphs "1" through "57", inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege their response set forth in the preceding paragraphs "1" through "59", inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege their response set forth in the preceding paragraphs "1" through "61", inclusive of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege their response set forth in the preceding paragraphs "1" through "65", inclusive of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and reallege their response set forth in the preceding paragraphs "1" through "69", inclusive of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege their response set forth in the preceding paragraphs "1" through "74", inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

78. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

79. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act by defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

80. There was probable cause for plaintiff's search and detention.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

81. Defendants acted within the lawful and proper exercise of their discretion.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

82. Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

83. No punitive damages can be assessed against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

84. To the extent any force was used, it was reasonable, necessary, and justified.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

85. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

86. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

87. To the extent that plaintiff asserts any claims arising under state law, plaintiff may have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

88. Plaintiff's state law claims may be barred by the applicable limitations period.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

89. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**WHEREFORE,** Defendants, City of New York, Joseph Imperatrice, Amjad Khan, David Bowman, Jonathan Leon and Winston Willabus request judgment dismissing the first amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          April 23, 2013

          MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Joseph Imperatrice, Amjad Khan, David Bowman, Jonathan Leon and Winston Willabus*
100 Church Street
New York, New York 10007
(212) 442-2380

By:   /s/
      Deborah L. Mbabazi
      Special Assistant Corporation Counsel

To:   VIA ECF
      Darius Wadia, Esq.
      Darius Wadia, LLC
      233 Broadway, Suite 2208
      New York, NY 10279

Docket No. 12-CV-2911 (ARR)(VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Andrew A. Abrahams,

          Plaintiff,

-against-

The City of New York; Joseph Imperatrice, in his individual capacity; Amjad Khan, in his individual capacity; David Bowman, in his individual capacity; Jonathan Leon, in his individual capacity; Winston Willabus, in his individual capactiy,

          Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, JOSEPH IMPERATRICE, AMJAD KHAN, DAVID BOWMAN, JONATHAN LEON AND WINSTON WILLABUS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Joseph Imperatrice, Amjad Khan, David Bowman, Jonathan Leon and Winston Willabus*
*100 Church Street*
*New York, N.Y. 10007*

*by: Deborah L. Mbabazi*

*Special Assistant Corporation Counsel*

*Tel: (212) 442-2380*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................. , 2011*

*............................................................................ Esq.*

*Attorney for.......................................................................*

- 11 -